```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| STANLEY RUSSEL JACKSON,<br><br>            Petitioner,<br><br>            v.<br><br>THE SECRETARY OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR),<br><br>            Respondent. | CASE NO. ED CV 15-962-AB (PJW)<br><br>FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Final Report and Recommendation is submitted to the Hon. Andre Birotte, Jr., United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. For the reasons discussed below, it is recommended that the Petition for Writ of Habeas Corpus be denied and the action be dismissed with prejudice.[1]

---

[1] This Final Report and Recommendation has been issued to address one of Petitioner's arguments in his Objections. (*See infra*, n.5.) Petitioner was not given an opportunity to file additional objections.

I.

SUMMARY OF PROCEEDINGS

In 1978, a jury in San Bernardino County Superior Court found Petitioner guilty of first degree murder with special circumstances. (Petition at 2.) The court sentenced him to life without the possibility of parole. (Petition at 2.) Petitioner appealed to the California Court of Appeal, which affirmed the judgment in a written opinion. (Lodged Document No. 1.) He then filed a petition for review in the California Supreme Court, which was summarily denied. (Lodged Document No. 2.)

In 1984, Petitioner filed a habeas corpus petition in this court, challenging the lawfulness of his conviction. (Lodged Document No. 3.) The petition was dismissed with prejudice in 1985. (Lodged Document No. 4.) He then filed habeas corpus petitions in the California Court of Appeal and the California Supreme Court, which were denied. (*See* Lodged Document No. 5.)

In 2014, Petitioner filed a second round of habeas petitions in the San Bernardino County Superior Court, the California Court of Appeal, and the California Supreme Court, asking them to strike the special circumstances finding and sentence him to life with the possibility of parole. All three were denied without a hearing. (Lodged Document Nos. 6-11.) In May 2015, with the help of counsel, Petitioner filed the instant Petition in this court, pursuant to 28 U.S.C. § 2254, arguing that the state courts violated his right to due process when they refused to strike the special circumstances finding.[2] (Petition at 5 & Attached Pages at 2.)

---

[2] The Court previously denied without prejudice Respondent's motion to dismiss the Petition as untimely and/or second and

## II.
## FACTUAL SUMMARY[3]

On the night of September 7, 1977, Petitioner entered the victim's apartment and assaulted her. During the attack, she shot and stabbed him and he stabbed her. After hearing a woman's scream and then a gunshot, neighbors saw a man running away from the victim's apartment with a knife. The neighbors found the victim lying in her bedroom naked and covered in blood. She died shortly thereafter. Underneath her body was a knife scabbard with Petitioner's initials on it. Later that night, Petitioner went to a hospital for treatment for a gunshot wound. He was arrested and, thereafter, told inmates at the jail that he had killed a white girl when she pulled a gun on him. (*See* Lodged Document No. 1 at 2-5.)

## III.
## STANDARD OF REVIEW

The standard of review in this case is set forth in 28 U.S.C. § 2254:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> 
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

---

successive. Respondent has not presented any reason to reconsider that decision.

[3] The summary of facts is brief because Petitioner is not challenging the lawfulness of his conviction.

```
          Federal law, as determined by the Supreme Court of the
          United States; or
               (2)  resulted in a decision that was based on an
          unreasonable determination of the facts in light of the
          evidence presented in the State court proceeding.
```
28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law if it applies a rule that contradicts Supreme Court case law or if it reaches a conclusion different from the Supreme Court's in a case that involves facts that are materially indistinguishable. *Bell v. Cone*, 535 U.S. 685, 694 (2002). To establish that the state court unreasonably applied federal law, a petitioner must show that the state court's application of Supreme Court precedent to the facts of his case was not only incorrect but objectively unreasonable. *Renico v. Lett*, 559 U.S. 766, 773 (2010). Where no decision of the Supreme Court has squarely decided an issue, a state court's adjudication of that issue cannot result in a decision that is contrary to, or involves an unreasonable application of, clearly established Supreme Court precedent. *See Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Petitioner raised his claim in his 2014 habeas petitions in the California Court of Appeal and the California Supreme Court, but neither court explained its reason for denying it. (Lodged Document Nos. 9, 11.) The superior court, however, did (Lodged Document No. 7), which this Court presumes is the basis for the state courts' subsequent decisions denying the claim.[4] *Johnson v. Williams*, 133 S.

---

[4] The superior court held that it lacked jurisdiction to resentence Petitioner 36 years after his conviction and sentence.

4

Ct. 1088, 1094 n.1 (2013) (approving district court's "look through" of state supreme court's silent denial to last reasoned state-court decision).  In this situation, the Court looks to the superior court's reasoning and will not disturb it unless it concludes that "fair-minded" jurists would all agree that it was wrong.  *Richter,* 562 U.S. at 102.

IV.

DISCUSSION

In 1981, three years after Petitioner was convicted of first degree murder with special circumstances and sentenced to life without the possibility of parole, the California Supreme Court held that state trial courts had discretion to strike a jury's special circumstances finding--which compelled the court to sentence a defendant to life *without* the possibility of parole--and sentence him to life *with* the possibility of parole.  *See People v. Williams*, 30 Cal.3d 470, 489 (1981).  More than 30 years later, Petitioner requested that the trial court strike the special circumstances finding in his case and resentence him to life with the possibility of parole pursuant to *Williams*.  He argues that state law entitled him to a hearing and to have the court determine whether his sentence should be reduced.  (Petition, Attached Pages at 2-10; Traverse at 3-4.) Respondent contends that the Court does not have jurisdiction to consider Petitioner's claim because it raises only an issue of state law and the state court's exercise of discretion under state law. (Answer at 2.)  For the reasons explained below, the Court agrees.

District courts are not authorized to reexamine discretionary decisions by state courts involving questions of state law in federal habeas corpus proceedings.  *See Estelle v. McGuire*, 502 U.S. 62, 67–68

(1991) (holding mere errors in the application of state law are not cognizable on habeas corpus); *Williams v. Borg*, 139 F.3d 737, 740 (9th Cir. 1998) (holding federal court in state habeas case may only address federal constitutional violations, not abuses of discretion by a state court under state law); *see also Ely v. Terhune*, 125 F. Supp.2d 403, 411 (C.D. Cal. Dec. 12, 2000) (holding trial court's refusal to dismiss a defendant's prior strike conviction was not cognizable in a federal habeas proceeding).  Here, Petitioner's claim rests entirely on California law and the state courts' interpretation of that law.  In fact, he supports his claim by citing only state cases.  As such, his claim is not cognizable.

Further, whether the superior court was correct in its interpretation of state law, i.e., that it lacked jurisdiction to consider Petitioner's request to resentence him 30+ years after he was sentenced, is not something that the Court is authorized to weigh in on.  Instead, the Court is bound by the state courts' ruling that it lacked authority to reconsider Petitioner's sentence.  *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).[5]

---

[5]  In his Objections, Petitioner claims that the superior court's finding that it lacked jurisdiction to consider Petitioner's request to strike the special circumstances finding and resentence him was based on the superior court's mistaken belief that Petitioner's case was pending in the state appellate court.  Petitioner bases this argument on the fact that the superior court cited *People v. Alanis,* 158 Cal.App.4th 1467, 1475-76 (2008), in support of its decision denying the petition for lack of jurisdiction.  This is hardly conclusive evidence that the superior court erroneously believed that Petitioner's 36-year-old case was still on appeal.  Rather, a fair reading of the superior court's decision in the context of Petitioner's lengthy delay in requesting a new sentence suggests that *Alanis* was more likely cited for the general proposition that a trial court loses jurisdiction to recall a sentence and resentence a defendant 120 days after it imposes a sentence.  *Id*. at 1475 (citing *Portillo v. Superior Court*, 10 Cal.App.4th 1829, 2834-35 (1992)); *see*

Petitioner attempts to federalize his claim by arguing that he has a "liberty interest" in having a new sentencing hearing. He contends that the state courts' refusal to hold a hearing violated his "federally protected right to Due Process." (Petition, Attached Pages at 5, 7-8.) Again, the Court disagrees.

States can and sometimes do create liberty interests which are protected by the Due Process Clause. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). But only the denial or misapplication of state procedures that results in the deprivation of a substantive constitutional right will implicate a federally recognized liberty interest. *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). This could happen when a state court disregards its own sentencing laws and, for example, sentences a defendant under a statute that does not apply to him. *See Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980); *Ballard v. Estelle*, 937 F.2d 453, 456-67 (9th Cir. 1991). Or when a state court imposes a sentence that is unauthorized under state law. *See Wasko v. Vasquez*, 820 F.2d 1090 1091-93 & n.2 (9th Cir. 1987) (noting state sentence could be reviewed under Due Process Clause where state court sentenced someone to a longer sentence than permitted by state sentencing law). In this case, however, Petitioner does not argue that his 1978 sentence of life without the possibility of parole was invalid under state law. Instead, he contends that state law requires that the state court reassess his sentence more than 30 years later and determine whether it should exercise its discretion to strike the

---

*also People v. Scarbrough*, 240 Cal.App.4th 916, 923-24 (2015)("[T]he trial court has jurisdiction for a period of 120 days to recall a defendant's sentence for reasons rationally related to lawful sentencing and to resentence a defendant as if he or she had not been sentenced previously.").

jury's special circumstances finding and allow him to apply for parole. Petitioner points to no authority mandating such a right under California law. Nor has the Court found any. Thus, the Court finds that Petitioner does not have a federally protected liberty interest in being resentenced or that the state courts violated any constitutional right when they refused to hold a hearing to consider resentencing him. *See, e.g., Watkin v. Adams*, 2010 WL 922611, at *7 n.6 (E.D. Cal. Mar. 11, 2010) ("Petitioner points to no authority which supports the proposition that a prisoner has a protected liberty interest in having a prior conviction stricken under a discretionary statute such as [California Penal Code] section 1385."). Furthermore, there is no evidence that the state courts acted arbitrarily or in a discriminatory manner in denying his request for a hearing in 2014. Thus, assuming arguendo that the state court should have resentenced him to life without the possibility of parole but mistakenly failed to do so, this failure does not raise a federal claim. *See Kennick v. Superior Court*, 736 F.2d 1277, 1280 (9th Cir. 1984) ("Absent arbitrary or discriminatory action, however, a mistake of state law does not constitute a due process violation."). Accordingly, the Petition is denied.

V.

RECOMMENDATION

For these reasons, IT IS RECOMMENDED that the Court issue an Order (1) accepting this Final Report and Recommendation and (2) directing that Judgment be entered denying the Petition and

dismissing the case with prejudice, and (3) denying a Certificate of Appealability.

DATED: January 13, 2017.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\JACKSON, S 962\FinalR&R.wpd

9